UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

RAFAEL PAULINO
MODESTO PAULINO

      Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, DETECTIVE
BRIAN FLEMING TAX REGISTRY NO. 925293; CRIM II
CHERRRISSE R. WOODS TAX REGISTRY,
NUMBER 355520, DET. ANTHONY DIAZ # 7312 and OTHER
OFFICERS WHOSE IDENTITES ARE
UNNOWN AT THIS TIME ALL MEMBERS OF THE NYPD

      Defendants,
------------------------------------------------------------------X

**TRIAL BY JURY DEMANDED**

Civil No.

**SUMMONS AND COMPLAINT**

Plaintiff, RAFAEL PAULINO and MODESTO PAULINO, by and through his attorney, Andres M. Aranda Esq., respectfully shows to this court and alleges the following:

### INTRODUCTION

1.   This is an action, commenced by the plaintiff for money damages against the defendants for committing acts within the scope of their employment and under color of law and depriving plaintiff of his rights secured by the Constitution and laws of the United States and the State of New York.

  Plaintiffs allege that defendants, individually and through said Officers deprived him of the right to be free from being falsely arrested, maliciously prosecuted, assaulted, battered, humiliated and caused to suffer physical pain and mental anguish.

  This action has been commenced within three years after plaintiffs' claim arose by reason of the false arrest, malicious prosecution, assault, battery, usual and unnecessary force used to effect the illegal and false arrest of the plaintiff with unnecessary excessive force being used to arrest him. This unnecessary force caused the plaintiff to sustain serious physical and emotional injury and pain, resulting in the plaintiff having to be stitched by a doctor.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. Sec. 1983 and 1988 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.
3. Jurisdiction is founded upon 28 U.S.C. Sec. 131, 1343 (1-4), and 2202.
4. Venue is proper in this district pursuant to 28 U.S.C. Sec. 139 (b).

## JURY DEMAND

5. Plaintiff demands trial by jury in this action.

## PARTIES

6. Plaintiff, RAFAEL PAULINO and MODESTO PAULINO, ARE Legal Permanent Residents of the United States and a life-long resident OF THE BRONX.

7. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of DETECTIVES BRIAN FLEMING AND ANTHONY DIAZ AS WELL CRIM 11 SHERRRISSE R. WOODS AND OTHER MEMBERSOF THE FORCE THAT PARTICIPATED IN THE PLAINTIFF'S ARREST AND PROSECUTION and the John and Jane Doe police officers named as a defendant in this action and whose identities are still unknown.

8. Defendant New York City Police Department is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

9. At all times relevant herein, defendant Police Officers, were acting as agents, servants and employees of the defendant City of New York and in furtherance of and within the scope of THEIR employment, and THE BUSINESS OF THE City, and acting under color of law; to wit under color of statues, ordinances, regulations, policies, customs and usages of the CITY of NEW YORK and by virtue of its rules, regulations and statutes. The Defendant City is responsible as respondent superior for the actions, and inactions, of its agents, and employees, acting under color of law and in the carrying out of their employment and the business of said City Defendant.

## FACTUAL ALLEGATIONS

CITY OF N.Y. LAW DEPT.
OFFICE OF CORP. COUNSEL
COMMON CATIONS UNIT
2014 JAN -2 PM 4:46

10.     `On or about JANUARY 24, 2012 at approximately 6:30 AM, the Plaintiff, RAFAEL PAULINO, was INSIDE 15 Arden Place, Apt. 33, NY, N.Y., visiting his brother MODESTO PAULINO, he was sleeping on the living room couch when he was approached by police officers, including defendants DETECTIVES BRIAN FLEMING and ANTHONY DIAZ . The defendants all, proceeded to throw him to the ground, handcuff him from the back, punch, kick and otherwise physically abuse him as he lay helpless on the living room floor. They eventually removed him to the precinct and from there to Central Booking.  He was charged with Criminal Possession of a Controlled Substance in the Seventh Degree, Criminally Using Drug Paraphernalia in the Second Degree and Resisting Arrest, all A Misdemeanors. It was alleged that the Police had found Cocaine residue in the bedroom of the brother's apartment.  The excessive force used by the police officers was and is unnecessary. Furthermore, this abuse caused Mr. RAFAEL PAULINO, pain, embarrassment, shame, humiliation, physical and psychological pain and trauma and required several stiches about his face. This in turn has caused permanent damages and permanent scarring on his face. The cops physically and verbally abused Mr RAFAEL. PAULINO who was arrested and charged as stated above, without ever checking with his BROTHER OR HIS BROTHER'S WIFE, BOTH OF WHOM WERE SLEEPING INSIDE THE BEDROOM WHERE THE POLICE FOUND THE ALLEGED COCAINE RESIDUE.  After several  adjournments lasting over one full calendar year, the Court dismissed all charges and sealed the arrest.  This occurred on February 21, 2013 in New York County Criminal Court Part B, BEFORE THE Honorable Judge A. Tisch. Mr. MODESTO PAULINO was also sleeping at the above address when he was brusquely woken up, assaulted and arrested in front of his pregnant wife. He was also charged with possession of narcotics.

11.     On the day of his arrest, the police approached Mr. PAULINO as he was peacefully and lawfully SLEEPING, while visiting his brother and pregnant sister-in-law. The police failed to perform even the most basic of investigations, knocking on the neighbor's doors, or asking the brother or sister-in-law, if Mr. Rafael Paulino lived at the subject premises, or if he had any knowledge of the alleged cocaine residue.  He was approached by police officers who proceeded to VIOLENTLY AND WITHOUT GOOD CAUSE OR PROBABLE CAUSE  to , assault and arrest Mr. PAULINO, who protested his innocence and who repeatedly asked why he was being arrested, assaulted and abused by the very people sworn to protect him from harm . This use of excessive force was not only unnecessary, but it was wantonly and illegally done. Both Mr. PAULINOs protested their  innocence  at the precinct where they were humiliated and forced to spread their cheeks for no other reason than the apparent amusement of some police officers who had not been trained properly either in arrest procedures or respect for the dignity of the public at large.

12.     The PAULINOs, after  they were arrested and assaulted, were questioned  by said  Police Officers. Mr. RAFAEL PAULINO INDICATED THAT HE KNEW NOTHING ABOUT IT SINCE HE WAS JUST VISITING AT THE APARTMENT AND HAD NOT SEEN ANY "COCAINE RESIDUE". This was NEVER ATTEMPTED TO BE VERIFIED WITH HIS BROTHER OR SISTER-IN-LAW. However, he was handcuffed, illegally searched, and battered all without any cause or justification, in violation of Mr. PAULINO'S civil rights.  He was arrested without any CRIMINALITY ON HIS PART and without

even performing a minimal investigation as to what, if anything, he was doing at the scene. In fact, the police kept telling Mr. PAULINO that they were sure that he had participated in some narcotics activity, even tough he had no narcotics either on his person or in his dominion and control. Mr. PAULINO denied any knowledge of this. Nevertheless, the police arrested Mr. PAULINO and detained this young, Hispanic male, for a couple of hours d at the precinct station house and at Central Booking, a dangerous, foul smelling place. Mr. MODESTO PAULINO ALSO PROTESTED HIS INNLOCENCE AND INDICATED THAT THERE WERE NO DRUGS PRESENT IN THE APARTMENT. He also was taken to Central Booking for processing.

13. Mr. RAFAEL PAULINO was released AT ARRAINGMENT and given a court date. Eventually he went to court several times and the charges were dismissed by the Court on February 21, 2013. Mr. MODESTO PAULINO was not released at arraignment.

14. Mr. RAFAEL PAULINO was incarcerated for approximately 34 hours. Mr. MODESTO PAULINO, as a consequence and direct of this arrest, spent approximately 150 days in jail.

15. Mr. RAFAEL PAULINO WAS EVENTUALLY RELEASED AND HAD TO RETURN to the New York County Criminal Court several times. Mr. MODESTO PAULINO was not released immediately.

16. The CHARGES PERTAINING to the alleged cocaine possession, obstructing governmental administration, resisting arrest and criminally using drug paraphernalia were dismissed as to both defendants there, plaintiffs here. The police officers failed to produce any credible evidence, or to show any probable cause for the arrest on that charge, or to even show up in Court and the matter had to be dismissed.

17. The ordeal greatly traumatized BOTH Mr. PAULINO AND THEIR FAMILY who as a result of his unlawful incarceration, and the excessive force used to arrest them, including being violated and humiliated as a direct result of the unnecessary, inhuman treatment that Mr. RAFAEL PAULINO received at the hands of the police officers, including defendants FLEMING and DIAZ, suffered the deprivation of freedom, HE WAS ASSAULTED DURING THE ARREST ANDNEEDED STICHES AND SUTURES. The criminal charges against the PAULINOs were terminated favorably.

## DAMAGES

18. As a direct and proximate result of the said acts of the defendants, Mr.RAFAEL AND MODESTO PAULINO suffered the following injuries and damages:

   a. Violation of their rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution;

    b. Loss of physical liberty due to incarceration;
    c. Humiliation, embarrassment and injury to reputation.
    d. Attorney fees.
    e. Pain and suffering as a result of the unnecessary and excessive force used to arrest him without probable cause and/or justification.
    f. Permanent scarring about the face and eye brows on the part of Rafael Paulino.

## CAUSES OF ACTION

### COUNT 1

**42 U.S.C. SEC. 1981, 1983 – FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS:   FALSE ARREST**

19. Paragraphs 1-18 are incorporated by reference as though fully set forth.

20. Plaintiff did not commit ANY CRIMINAL ACT OR ACTS OR VIOLATIONS, either before or at the time he was unlawfully arrested, imprisoned, prosecuted and deprived of his constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Sec. 1983 and the Constitution of the State of New York, any illegal act. The Fourth Amendment protects people from unreasonable searches and seizures. The plaintiff claims that his arrest, incarceration, beating, search and arrest were unlawful because it was made without probable cause to believe either Mr. Rafael Paulino or Modesto Paulino had committed any of the crimes for which each was allegedly arrested. The continued prosecution which forced Mr. RAFAEL PAULINO to remain incarcerated for WELL OVER 24 HOURS AND Mr. Modesto Paulino for over 150 days; was made with malice by the officers who wrongfully arrested and detained them AND CAUSED THEM TO RETURN TO COURT AND PHYSICALLY VIOLATED THEM.

21. As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, acting under color of law, plaintiff was unlawfully arrested and imprisoned, until he was released.

22. That on or JANUARY 24, 2011 at approximately 6:30 AM. That day, while the plaintiff was lawfully visiting his brother in New York County and subsequent times thereafter, including but not limited to the 34th New York POLICE Precinct, the defendants, their agents, servants and employees falsely accused and arrested Mr. PAULINO without any probable cause or any justification, right or grounds therefore. And unfairly, unjustly, and mercilessly beat him up using excessive and unnecessary force AND MEANS, including making the Plaintiff pull his pants down and spread his cheeks, to carry out his unlawful and illegal arrest.

23. That the plaintiff was wantonly deprived of his liberty and unnecessarily humiliated.

24. That the defendant police officer, were acting under color of law and authority; did not have any probable cause, permission or justification whatsoever, to arrest or injure Mr.RAFAEL PAULINO, who was unmercifully beaten up and used as both a punching bag and a step stool by members of the NYPD.

25. That at all times hereinafter mentioned, the defendant police officers were employed in their respective capacities by the Defendant CITY and THE NEW YORK CITY POLICE DEPARTMENT and were acting under the color of their official capacity and their acts were performed under the color of the polices, statues, ordinances, rules and regulations of the CITY and in furtherance of the official business of said City of New York. The City is responsible as respondeat superior for the actions of its employee police officers and said defendant City and is Police Department have failed to properly train its officers, including failing to train then so that they don't beat up, kick, punch, physically abuse, verbally abuse or mace helpless individuals, particularly when they don't resist, do not pose a threat to the officers' safety and after they have been handcuffed or make them pull their pants down, bent over and spread the cheeks of their behinds . The City also failed to supervise its police department or it's individual officers and that by reason of that failure, this sad and unnecessary beating and arrest occurred.

26. That at all times hereinafter mentioned, the defendants John and Jane Doe Police Officers were acting under color of law and in their official capacity as New York City Police Officers and as agents of the City of New York..

27. That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and pretense of law, to wit: under color of the statues, ordinances, regulations, customs and usages of the CITY and the defendants herein, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiffs MODESTO AND RAFAEL PAULINO and deprived plaintiffs of their rights privileges and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States to wit: to be free from warrantless searches and arrest without probable cause. The defendants' actions played a substantial role in bringing about a deprivation of the Fourth Amendment right to be free of unreasonable search and seizure and restraint on his liberty without due process and arrest without probable cause. All of the named defendant Police Officers acted with malice and used unnecessary and excessive force to handcuff and restrain Mr. RAFAEL PAULINO who was 41 years old at the time of this abusive arrest and who weighed approximately 160 lbs. as well as MODESTO PAULINO, WHO ALSO WEIGHS APPROXIMATELY 160 LBS. and who was arrested in front of his pregnant wife .

28. That the defendant City of New York failed to properly train and supervise its police force allowing it to act in an unlawful, illegal and wanton manner arresting and abusing members of

the public, all without probable cause or justification. Recent case law as well as newspaper articles, news bulletins and general bad press received by the NYPD, including with regards to its stop and frisk policy, have put the City of NY and its Police Department on notice of the need for better training, supervision and selection of its officers.

29. That said City was aware of the unlawful, illegal and wanton acts of its police force and of the pattern of illegal arrests being conducted by said police force, including but not limited to punching, kicking, making, and otherwise abusing young male minorities.

30. Furthermore, the defendants, each and every one of them, were all negligent in carrying out their respective duties towards the citizens and public of the City of New York.

FEDERAL CIVIL RIGHTS CLAIM

Plaintiff repeats and realleges paragraphs 1 through 30.

31. Defendant police officers' actions were part of a pattern, practice, policy and modus operandi of the Police Department of the City of New York and the Defendant City of New York to ignore and violate the Constitutional rights of the people they come in contact with and whom they are supposed to serve.

32. The acts of NYPD, Dectectives and Police Officer defendants herein and the various John and Jane Does were committed under their authority as NYPD and as police officers vested under and by virtue of the laws of the State of New York, and were, therefore, committed under the color of statute and the laws of the State of New York.

33. The defendant City knew of the need for additional screening, training, supervision, disciplining and holding accountable of police officers to insure that : (a) they refrain from ignoring evidence that would indicate that an accused is innocent; (b) refrain from misrepresenting, withholding or falsifying evidence; (c) exercising care and thoroughness in the investigation and prosecution of a case involving the alleged possession of narcotics, particularly when none were found; (d) accurately identify and handle exculpatory material, such as the absence of narcotics.

34. Through intention and deliberate indifference, the defendant City failed to adequately provide for screening, training,, supervising, and disciplining of police officers with respect to the above mentioned issues. This type of intentional conduct and deliberate indifference is evidenced by news articles, demonstrations and decisions of the courts of the state of New York reporting that the NYPD and its employees are and have engaged in various acts of misconduct including but not limited to, "testilying", the falsification of evidence, the wrongful withholding of evidence of innocence, physically and emotionally abusing defendants, Abner Louima for instance, giving false, incomplete and misleading testimony, and generally failing to act in a reasonable, professional and honest capacity including but not limited to the following decisions:

   Riddick v. City of New York, 772 NYS 2d, 294, 4 A.D. 3d 242 (1st Dept. 2004)
   Bonefant v. Kelly, 759 NYS 2d 872, 306 A.D. 2d 108 (1st Dept. 2003)
   Wagnwe v. Kerik, 748 NYS 2d 860, 298 A.D. 2d 322 (1st Dept. 2002)
   Seligson v. Kerik, 744 NYS 2d 655, 295 A.D. 2d 262 (1st Dept. 2002)
   Foy v. Safir, 717 NYS 2d 126, 277 A.D. 2D 169 (1ST Dept. 2000)
   Titone v. Safir, 717 NYS 2d 22, 277 A.D. 2d 161 (1st Dept. 2000)
   Castro v. Safir, 717 NYS 2d 44, 277 A.D. 2d 123 (1st dept. 2000)
   Mieles v. Safir, 707 NYS 2d 437,, 272, A.D. 199 (1ST. Dept. 2000)
   Sanniti v. Safir, 689 NYS 2d 479, 261 A.D. 2d 153 (1st, Dept. 1999)
   Brovakos v. Bratton, 678 NYS 2d 21, 254 A.D. 2d 32 (1st Dept. 1998)
   Ranalli v. Safir, 672 NYS 2d 872, 250 A.D. 2d 507 (1st. Dept. 1998)
   Vasquez v. Safir, 673 NYS 2d 12, 250 A.D. 2d 448 (1st. Dept. 1998)
   People v. Kenrick, 162 Misc. 2d 75, ( Crim. N.Y. Cty 1994)

Hickey v. Ward 55 NYS 2d 763, 161 A.D. 2d 495 (1st. Dept.)

35. Upon information and belief, based on and supported by several newspaper articles, police officers have not been discipline by the defendant City or defendant NYPD for their misconducts, despite repeated judicial findings that police officers have engaged in misconduct. Such failure constitutes deliberate indifference toward the constitutional rights of the accused and such misconduct constitutes a practice, pettern and custom of engaging in police misconduct including but not limited to withholding exculpatory evidence, filing falase complaints and arresting without probable cause, to name a few.

36. By virtue of the decisions referred to above, and other information and court decisions, NYPD and the City knew that the need for adequate training, screening, supervising and disciplining of its employees was and is compelling because of the overriding credo of those such as the defendants herein to make arrests and clear cases quickly and at all costs with deliberate and total disregard for the truth, the safety of those arrested and for the constitutional rights of the accused.

37. The acts, conduct and behavior of the defendants herein were negligent and as such plaintiffs were injured and damaged in the sum of ten million dollars.

38. At all times relevant the defendants police officers and NYPD were acting IN THE SCOPE OF THEIR EMPLOYMENT AND/OR POLICY MAKER FOR THE CITY OF NEW YORK.

39. To the extend applicable, New York City is liable in respondeat superior for said defendants' actions.

40. Defendant City of New York knew or should have known of the Police defendants' propensity to engage in illegal, wrongful and negligent acts as detailed above, including but not limited to beating up a helpless civilian who was sleeping on a couch and arresting said civilian without any evidence, probable cause or reason to do so, and the City has failed to correct such wanton police conduct.

41. Defendant City failed to take adequate steps to discipline, train, supervise or otherwise correct the improper and illegal conduct of said defendants and/or as a matter of policy and practice, has with deliberate indifference failed to take steps to uncover and/or correct such conduct on the part of its police force.

42. Defendant City of New York has damaged plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of said defendants and/or as a matter of policy and practice, has with deliberate indifference, failed to take steps to uncover and/or correct such conduct.

43. The injuries suffered by plaintiff were proximately caused by each and every one of the policies and practices set forth herein.

44. The actions of the defendants; including the City of New York, resulted in the deprivation of Plaintiff's rights pursuant to the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

45. As a result of the false arrest, assault, battery, defamation, malicious prosecution, unlawful imprisonment, the violations of said rights and deprivation of liberty, Plaintiff was damaged in the sum of Fifty Million Dollars.

That by reason of the aforesaid, the Plaintiff has been damaged in the sum of TEN MILLION DOLLARS (10,000,000.00)

**WHEREFORE**, plaintiff requests the following relief as against all of the defendants:

1. Award compensatory damages in the amount of Ten Million Dollars on each cause of action.
2. For such other and further relief as to this Court may deem just and proper.

Dated: Bronx, New York
March 30, 2013

Andres M. Aranda
930 Grand Concourse, suite 1A
Bronx, New York 10451
(718) 590-1904
(718) 541-9241
Amarandawill.c.u@g-mail.com

```
CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK                          CERTIFICATE OF DISPOSITION
                                                NUMBER: 331384
THE PEOPLE OF THE STATE OF NEW YORK
                VS

PAULINO, MODESTO                               12/04/1974
Defendant                                      Date of Birth

15 ARDEN STREET                                0022603L
Address                                        NYSID Number

NY                  NY      10040              01/24/2012
City              State     Zip                Date of Arrest/Issue

Docket Number: 2012NY007317                    Summons No:

220.03 220.50 195.05
Arraignment Charges
```

Case Disposition Information:

| Date | Court Action | Judge | Part |
|---|---|---|---|
| 02/21/2013 | DISM - SPEEDY TRIAL PROVISIONS | TISCH, A | B |

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY      _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

SOURCE  _ ACCUSATORY INSTRUMENT  _ DOCKET BOOK/CRIMS  _ CRC3030[CRS963]

    I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
THIS COURT.
FANELLI, R                                     09/03/2013
COURT OFFICIAL SIGNATURE AND SEAL              DATE        FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
         SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)



```
CRIMINAL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK                          CERTIFICATE OF DISPOSITION
                                                 NUMBER:  331383
THE PEOPLE OF THE STATE OF NEW  YORK
                   VS

PAULINO,RAFAEL                                    04/03/1970
Defendant                                       Date of Birth

15 ARDEN STREET                                   11747177H
Address                                         NYSID Number

NEW YORK              NY   10040                  01/24/2012
City               State   Zip                  Date of Arrest/Issue

Docket Number: 2012NY007318              Summons No:

220.03 220.50 205.30
Arraignment Charges


Case Disposition Information:
    Date          Court Action                  Judge              Part
 02/21/2013   DISM - SPEEDY TRIAL PROVISIONS   TISCH,A              B
```

NO FEE CERTIFICATION

_ GOVERNMENT AGENCY        _ COUNSEL ASSIGNED

_ NO RECORD OF ATTORNEY READILY AVAILABLE. DEFENDANT STATES COUNSEL WAS ASSIGNED

  SOURCE   _ ACCUSATORY INSTRUMENT   _ DOCKET BOOK/CRIMS   _ CRC3030[CRS963]

      I HEREBY CERTIFY THAT THIS IS A TRUE EXCERPT OF THE RECORD ON FILE IN
  THIS COURT.
  FANELLI,R                                     09/03/2013
  COURT OFFICIAL SIGNATURE AND SEAL             DATE           FEE: NONE

(CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT
          SEAL OVER THE SIGNATURE OF THE COURT OFFICIAL.)

SEALED Pursuant to Section 160.50 of the CPL